2018 IL App (3d) 160171

Opinion filed April 9, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal Nos. 3-16-0171 and 3-16-0172 Circuit Nos. 13-CF-838 and 14-CF-20 |
| | ) | |
| JASMIN STONE, | ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Holdridge and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Jasmin Stone, appeals from the denial of her motion to withdraw her guilty plea. Defendant raises three issues: (1) the court failed to comply with Illinois Supreme Court Rule 402 (eff. July 1, 2012) when it did not admonish her of the elements of the charged offenses and her right to persist in a plea of not guilty, (2) the court prejudged the case before she pled guilty, and (3) the fines imposed by the circuit clerk are subject to vacatur. We affirm in part and vacate in part.

¶ 2 FACTS

¶ 3     In case No. 13-CF-838, the State charged defendant with one count of felony theft (720 ILCS 5/16-1(a)(4)(A) (West 2012)) and one count of misdemeanor theft (*id.*).

¶ 4     While defendant was on pretrial release, the State charged defendant, in case No. 14-CF-20, with one count of felony theft (720 ILCS 5/16-1(a)(4) (West 2014)). The court appointed counsel to represent defendant. At a status hearing, the following exchange between the court and defendant occurred:

> "THE COURT: You worry me, [defendant].
>
> THE DEFENDANT: I don't want to worry you. That I don't want to do.
>
> THE COURT: Why would I not be worried? Why wouldn't I? Why wouldn't I be worried that you are not taking anybody seriously? And that you have—that if these charges are true, that you would burglarized [*sic*] a place or hook up with people who have, and then fence their property for money. Because from what [the State] says, it looks like it happened and then you were finally caught up with, you were arrested, you bonded out and then repeated it all over again, in addition to having this other case. And you posted $3300 and you have the public defender. It seems to me that the public has done everything but serve your jail sentence. That seems weird to me. Why shouldn't you go get your own lawyer? Why should the tax payers pay for your attorney? If you coughed up to $3,300 but don't have a job, that tells me that you have access to money."

The court revoked its prior appointment of the public defender, noting "you may not have been working but you're working somebody. And it ain't going to be me." Thereafter, defendant obtained private counsel.

2

¶ 5    On June 19, 2014, defendant signed written guilty pleas in case Nos. 13-CF-838 and 14-CF-20. In each case, defendant pled guilty to one charge of felony theft.[1] The written pleas included the following statements: "I understand I have the right to plead not Guilty or to persist in that plea if it has already been made," and "I understand the minimum and maximum penalty to which I may be subjected including any penalty because of prior convictions or consecutive sentences." In exchange for her plea, the State moved to dismiss a probation violation in case No. 11-CF-300, which is not part of this appeal, and cap its sentencing request to a total of 16 years' imprisonment. Defendant indicated that she had read and understood the plea. The court admonished defendant of the sentencing range for the two charges, including the potential for an extended-term sentence and the requirement that the sentences be served consecutively. The court also admonished defendant of her rights to a jury trial, to confront witnesses, and to have her guilt proven beyond a reasonable doubt. Defendant acknowledged that she was giving up these rights by pleading guilty. The State provided a factual basis for the plea. Defendant said that she was entering the plea voluntarily and without threat or promise. The court accepted the plea and set the case for a sentencing hearing.

¶ 6    On August 21, 2014, the court conducted a sentencing hearing. As evidence in mitigation, defendant called Reverend AJ Guyton to testify regarding her character and rehabilitative potential. Reverend Guyton suggested a disposition of probation with the requirement that defendant report to him, as well as her probation officer.

¶ 7    Following the parties' arguments on the sentencing alternatives, the court noted:

"Reverend Guyton describes you in a favorable light, [defendant], and you would have done yourself well. And he knows what I mean by this. He has helped

_____

[1]From the record, it appears that count II in case No. 13-CF-838, the misdemeanor theft charge, was dismissed at some point between the plea and sentencing hearings.

a lot of losers before because losers need some help. They need a third chance, a fourth chance, a fifth chance. And if everybody gives up on them, we all lose. You would have done yourself very well to have reached out to him, but, instead, it seems like you did not. That's too bad. He is a tolerant, patient, giving person. It's too bad that you didn't make use of that."

While discussing the facts of the case, the court observed that defendant was "not being sentenced for these burglaries, but [she was] a part of the milk line there, the chain of events." The court sentenced defendant to consecutive terms of 6 years' imprisonment on each of the theft charges for a total sentence of 12 years' imprisonment. The written sentencing order imposed a judgment for costs. Thereafter, the circuit clerk entered into the record a transaction summary sheet that showed defendant owed a total of $2518.

¶ 8        Defendant filed, in both cases, *pro se* motions to reconsider her sentence and withdraw her guilty plea. The court denied defendant's motions to reconsider her sentence and appointed counsel to represent defendant on her motions to withdraw her guilty plea. Appointed counsel filed an amended motion to withdraw the guilty plea that alleged defendant's plea was neither knowing nor voluntary because plea counsel (1) misled defendant to believe the court would impose a sentence of probation and (2) failed to advise defendant that any prison sentences would be served consecutively and defendant was potentially subject to extended-term sentences.

¶ 9        At the hearing on defendant's motion to withdraw the guilty plea, defendant testified that private counsel told her on three occasions that the court would impose a sentence of probation if she pled guilty. As a result of counsel's repeated assurances, defendant became convinced that she would receive a sentence of probation if she pled guilty. If not for counsel's repeated suggestions, defendant would have gone to trial. Counsel never advised defendant that she was

4

subject to an extended-term sentence or consecutive sentencing. On cross-examination, defendant acknowledged that the court had admonished her of the full sentencing range including the requirement for consecutive sentencing. Defendant said that, although she indicated to the court that she understood the sentencing alternatives, she was not "paying attention because [she] was just ready to get probation and just get it over with."

¶ 10    Plea counsel testified that he had several discussions with defendant before she entered her guilty plea and he discussed with defendant the possibility of the court imposing a sentence of probation. Counsel did not guarantee this disposition. Counsel also explained to defendant the maximum sentences for both charges and the requirement that the sentences be served consecutively. Defendant indicated to counsel that she understood the sentencing range. Counsel discussed the strengths and weaknesses of the cases with defendant and opined that she did not have a good chance of a favorable outcome if she went to trial.

¶ 11    After hearing arguments on the motion, the court said, "I suppose the analogy is that it's appropriate that you stole from farmers because that's what this petition smells like." The court rejected defendant's argument that she did not understand the sentencing range, noting that it had admonished defendant of the range before it accepted her guilty plea. The court observed that defendant was "more acquainted with the court system when [she] pled guilty than most people." The court stated "I'm almost inclined to grant your petition because I did not give you the 16 years. I gave you 12." The court denied defendant's motion. Defendant appeals.

¶ 12                                    ANALYSIS

¶ 13                            I. Plea Admonishments

¶ 14    Defendant argues her "guilty plea must be vacated where the circuit court failed to comply with Supreme Court Rule 402 in entering the plea by failing to admonish [her] about the

5

nature and elements of the charges against her and her right to persist in a plea of not guilty." Defendant's argument challenges two aspects of the circuit court's preplea admonishments, the court's omission of (1) the elements of the charge and (2) defendant's right to persist in her plea of not guilty. Defendant's arguments are subject to *de novo* review. *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005).

¶ 15                    A. Elements of the Charge Admonishment

¶ 16        Defendant frames her first argument, that the court did not admonish her of the elements of the offense, as a violation of Illinois Supreme Court Rule 402 (eff. July 1, 2012). However, Rule 402, does not require the circuit court to admonish a defendant of the elements of the offense. Rule 402 only requires the following preplea admonishments:

> "(1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;
>
> (3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and
>
> (4) that if he or she pleads guilty there will not be a trial of any kind, so that by pleading guilty he or she waives the right to a trial by jury and the right to be confronted with the witnesses against him or her ***." Ill. S. Ct. R. 402(a) (eff. July 1, 2012).

The court was bound to follow this rule as written and did not have the power to modify it. *In re B.C.P.*, 2013 IL 113908, ¶ 8. The circuit court need only provide the admonishments stated in the rule, and it "is not required to apprise a defendant of the elements of the crimes with which

6

[defendant] is charged before accepting a guilty plea." *People v. Jackson*, 199 Ill. 2d 286, 296-97 (2002). Therefore, the court did not have an obligation under Rule 402 to admonish defendant of the elements of the charged offense.

¶ 17    In coming to this conclusion, we reject defendant's argument that the above holding (s*upra* ¶ 16) conflicts with the United States Supreme Court's decision in *Bradshaw v. Stumpf*, 545 U.S. 175 (2005). In *Stumpf*, the Court said, consistent with Illinois law, that it has "never held that the judge must himself explain the elements of each charge to the defendant on the record." *Id.* at 183; see *Jackson*, 199 Ill. 2d at 296. Instead, the Court suggested that "the constitutional prerequisites of a valid plea *may* be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." (Emphasis added.) *Stumpf*, 545 U.S. at 183. *Stumpf*, therefore, rejects defendant's assertion that the court must explain the elements of each charge before accepting a guilty plea. Instead, *Stumpf* indicates that this obligation is best left to defense counsel.

¶ 18                    B. Right to Plead Not Guilty Admonishment

¶ 19    Defendant also argues the court did not admonish her of her right to persist in a plea of not guilty. As we noted above, Rule 402 requires a circuit court to provide several admonishments before it accepts defendant's guilty plea. *Supra* ¶ 16. The admonishments include that "the defendant has the right to plead not guilty." Ill. S. Ct. R. 402(a)(3) (eff. July 1, 2012). However, the court need not recite the admonishments verbatim, as "substantial compliance with the rule is sufficient to satisfy due process." *People v. Burt*, 168 Ill. 2d 49, 64 (1995). In the absence of an exact recitation of the rule, the record must affirmatively and specifically show that defendant understood all of the components of the rule. *People v. Walker*, 109 Ill. 2d 484, 498-99 (1985).

¶ 20    In this case, the court did not admonish defendant of her right to persist in her plea of not guilty. However, the record establishes substantial compliance with Rule 402. On the date that defendant entered her guilty plea, defendant signed a written plea of guilty form. The form includes the warning "I understand I have the right to plead not Guilty or to persist in that plea if it has already been made." This warning is nearly a verbatim written recitation of Rule 402(a)(3). Defendant's signature on the guilty plea form indicates that she was aware of this right. Therefore, we find the record establishes substantial compliance with Rule 402. Additionally, the absence of error nullifies any ineffective assistance of counsel argument because counsel's performance is not deficient for failing to raise a meritless issue. See *People v. West*, 187 Ill. 2d 418, 435 (1999).

¶ 21                              II. Court's Comments

¶ 22    Defendant asks this court to "reverse" her guilty plea and "remand for new proceedings before a different judge because Judge Lyons prejudged this case long before [defendant's] guilty plea, a plain error so serious that it affected the fairness of [defendant's] court proceedings and challenged the integrity of the judicial process." Defendant acknowledges that she forfeited review of this issue but contends that it is reversible plain error. Defendant specifically contends "when 'a judge displays signs of bias against the defendant, the system ceases to function as it properly should, resulting in plain error and requiring reversal' " (quoting *People v. Phuong*, 287 Ill. App. 3d 988, 993 (1997)). We take no position on the propriety of Judge Lyons's comments. Instead, we conclude that defendant cannot establish that she suffered prejudice as a result of the comments.

¶ 23    Defendant is entitled to a trial that is free from improper and prejudicial comments on the part of the judge. *People v. Tatum*, 389 Ill. App. 3d 656, 662 (2009). The judge must not display

8

unnecessary antagonism or favor toward any party. *People v. Johnson*, 2012 IL App (1st) 091730, ¶ 76. Where the judge makes improper comments, reversal is only warranted where defendant has suffered prejudice and is harmed by the comments. *Id.* Defendant bears the burden of proof to show prejudice. *Id.*

¶ 24    Defendant makes the general argument that Judge Lyons's improper comments show that he "prejudged this case." However, Judge Lyons never judged defendant's innocence or guilt because defendant pled guilty. *Cf. Phuong*, 287 Ill. App. 3d 988 (defendant's conviction, which was *entered after a bench trial*, was reversed where the court's improper comments exhibited bias). Therefore, defendant cannot satisfy her burden of proof to show that she suffered prejudice.

¶ 25    Defendant makes a more direct argument that Judge Lyons's comments illustrate bias which led to the denial of her motion to withdraw guilty plea. We disagree. Again, we take no position on the propriety of Judge Lyons's comments. Instead, we find that the denial of defendant's motion was justified in light of plea counsel's testimony that he had discussed the possibility of probation with defendant but did not guarantee this disposition. Moreover, defendant was aware of the full sentencing range because the court admonished her of the potential for extended-term and consecutive sentences before it accepted her plea. Defendant confirmed her knowledge of the full sentencing range when she signed the guilty plea form, which stated "I understand the minimum and maximum penalty to which I may be subjected including any penalty because of prior convictions or consecutive sentences." Therefore, defendant cannot show that Judge Lyons's decision to deny her motion to withdraw the guilty plea was the result of prejudice or bias.

¶ 26                                    III. Fines

¶ 27    Defendant asks this court to vacate several fines that the circuit clerk imposed without authority. These fines include $10 "Police Services Fund," $31.85 "Lump Sum Surcharge," $50 "Court Usage Fee," $30 "Criminal Child Advocacy Center," $10 "Criminal Probation Operation Fees," $1.28 "Circuit Court Oper/Adm Fund," $4.75 "Drug Court Fund," $10 "Drug Court Operation," $15 "State Police Operation Assistance Fund," $10 "State's Attorney Juvenile Expenses," $100 "Violent Crime Victim's Relief Fine," $10 "Medical Costs Fund," and $14.62 "State Police Merit Board." These fines were imposed in both of the underlying cases and totaled $595. The State concedes that the financial assessments cited by defendant were imposed by the clerk without authority and must be vacated. We accept the State's concession on its face and vacate the conceded assessments.

¶ 28                                CONCLUSION

¶ 29    The judgment of the circuit court of Peoria County is affirmed in part and vacated in part.

¶ 30    Affirmed in part and vacated in part.

10