**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230674-U

Order filed October 10, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-23-0674 |
| v. | ) | Circuit No. 22-CF-389 |
| | ) | |
| BRANDON A. DUNKLEBERGER, | ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Presiding Justice McDade specially concurred.

_____

**ORDER**

¶ 1     *Held*:  Defendant failed to establish that the court committed plain error by accepting his guilty plea without admonishing him as to the elements of the offense or ensuring on the record that defense counsel had done so.

¶ 2     Defendant, Brandon A. Dunkleberger, appeals his conviction for aggravated domestic battery. He argues that the court committed plain error by accepting his guilty plea when the court failed to admonish him as to the elements of aggravated domestic battery and the record did not affirmatively show that defense counsel explained the elements to him. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2022)) and domestic battery (*id.* § 12-3.2(a)(1)). Defendant retained private counsel. On the date defendant was scheduled to appear in court for a bench trial, the State advised the court that defendant was going to plead guilty to aggravated domestic battery and that it would dismiss the domestic battery charge. The State set forth the terms of the plea, including that it was a blind plea but that the State would cap its sentencing request at four years' imprisonment.

¶ 5          The court asked defendant if he understood what was happening and defendant responded affirmatively. The court stated that it understood that defendant wanted to plead guilty to aggravated domestic battery which is a Class 2 felony. The court set forth the potential sentencing range. The court further advised defendant of potential consequences of pleading guilty. It then asked defendant if he understood everything that the court set forth and defendant replied that he did. The court continued explaining that defendant did not have to plead guilty and advised defendant of the rights he was giving up. The court again inquired whether defendant understood, and defendant confirmed that he did. The court asked if defendant had any questions and defendant replied that he did not. The court confirmed that defendant had been represented by counsel and asked if defendant had any complaints about counsel. Defendant responded "No, Your Honor."

¶ 6          The State then provided the factual basis. The State advised that Katelynn Buchanan would testify that she had been in a dating relationship and had a child with defendant. Buchanan and defendant had resided together. On the relevant date, defendant struck Buchanan, grabbed her by the throat, and held her down by her throat. While being choked, Buchanan found it difficult to breathe, her face became hot and flushed, she had difficulty seeing and her vision became blurry.

2

Defendant's counsel agreed that if the State called witnesses they would testify competently and substantially as outlined by the State, which would be sufficient to support a conviction.

¶ 7    The court confirmed that no promises had been made to defendant other than those that were set forth in court. The court asked if defendant was pleading guilty voluntarily and as a result of his decision. Defendant responded affirmatively. The court found that defendant understood the charges against him and the possible punishment. The court further found that there was a factual basis for the plea and that the plea was voluntary. The court accepted the plea. The matter was set for sentencing. Following a hearing, the court sentenced defendant to three years' imprisonment. The court advised defendant that he had the right to appeal and that prior to noticing an appeal he must file a motion to withdraw his plea. The court further advised that in the motion he must set out all of the reasons why he wanted to withdraw his plea and that any reasons not stated would be waived on appeal.

¶ 8    Defendant filed, as a self-represented litigant, a motion to withdraw his guilty plea, arguing that his attorney promised him that he would receive probation if he pled guilty. Defendant's private counsel withdrew, and the public defender was appointed to represent defendant. Counsel filed an Illinois Supreme Court Rule 604(d) certificate and a motion to withdraw guilty plea. The motion argued that defendant was promised by his attorney that if he entered the blind plea he would receive probation and that he would not have entered into the plea if his attorney had not made that promise. The court held a hearing on the motion and the motion was denied. Defendant appeals.

3

¶ 9                                    II. ANALYSIS

¶ 10          Defendant argues that his plea should be vacated because the court did not properly admonish him under Illinois Supreme Court Rule 402(a) (eff. July 1, 2012).[1] Specifically, he argues that pursuant to the Supreme Court's opinion in *Bradshaw v. Stumpf*, 545 U.S. 175 (2005), the court is required to either inform defendant of the elements of the offense or ensure the record reflects that counsel did so. Defendant acknowledges that he failed to raise this issue in his motion to withdraw his guilty plea, but argues that the failure to comply with the requirements of Rule 402(a) can be reviewed as second prong plain error. See *e.g.*, *People v. Davis*, 145 Ill. 2d 240, 250-51 (1991) (stating that "under Illinois Supreme Court Rule 604(d), any issue not raised by the defendant in his motion to withdraw the plea of guilty shall be deemed waived upon appeal" but that the failure to properly admonish a defendant under Rule 402 can amount to plain error).

¶ 11          Under the plain error doctrine, a clear or obvious error may excuse a procedural default. *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 17. However,

>           "under the plain-error doctrine, the existence of an error is not enough to avert a forfeiture, even if the error is genuinely an error. Not even reversible error is enough. *** The plain error doctrine is not a backdrop to catch merely arguable issues that could have been raised in the trial court. The error had to be manifest or patent." *Id.*

---

[1]Defendant's argument appears to vacillate between arguing that the court failed to properly admonish him under Rule 402(a) and that his plea was otherwise not knowingly and voluntarily made. Specifically, he seems to make some argument that the record must show that the elements of the offense were explained to him aside from the requirements of Rule 402(a). He also argues that Rule 402(a) requires a showing that the elements were explained to him. However, as defendant sets forth his standard of review based upon compliance with a supreme court rule and makes his plain error argument based upon compliance with Rule 402(a), we frame the issue and consider it as whether the court complied with Rule 402(a).

¶ 12    Under the second prong of the plain error doctrine, if a clear or obvious error occurred, the court must then determine if the " 'error is so serious that its consideration is necessary to preserve the integrity and reputation of the judicial process.' " *Id.* ¶ 42 (quoting *People v. Hampton*, 149 Ill. 2d 71, 102 (1992)). The concern is whether defendant has suffered a serious injustice. *Id.* "Defendant bears the burden of persuasion in showing both that a clear and obvious error exists and that one of the prongs is satisfied." *People v. Marcos*, 2013 IL App (1st) 111040, ¶ 58.

¶ 13    Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) requires the court, prior to accepting a guilty plea, to admonish defendant and determine that he understands, *inter alia*, the nature of the charge. "[T]he trial court is not required to apprise a defendant of the elements of the crimes with which he is charged before accepting a guilty plea." *People v. Jackson*, 199 Ill. 2d 286, 296 (2002).

¶ 14    Defendant faults the court for failing to explain the elements of the offense to him, in light of the Supreme Court's decision in *Stumpf*. However, based on the plain language of Rule 402(a), the court is only required to ensure defendant understands the nature of the offense and here, the court clearly advised the defendant that he was charged with aggravated domestic battery. The court further asked if defendant understood, and defendant acknowledged he did. Our supreme court has expressly stated that the court is not required to apprise a defendant of the elements of the offense prior to accepting a guilty plea. See *Jackson*, 199 Ill. 2d at 296. Additionally, this court has rejected a similar argument that *Stumpf* requires the court to advise defendant of the elements in *People v. Stone*, 2018 IL App (3d) 160171, ¶ 17. This court stated that "*Stumpf* therefore rejects defendant's assertion that the court must explain the elements of each charge before accepting a guilty plea. Instead, *Stumpf* indicates that this obligation is best left to defense counsel." *Id.* Additionally, we reject defendant's contention that the court's failure to ensure that counsel

5

explained the elements of the offense to defendant was somehow a violation of Rule 402(a). Rule 402(a) simply does not contain any such requirement. Thus, defendant has failed to establish any error in the court's Rule 402(a) admonishments.

¶ 15 Further, we disagree with defendant's argument that, based upon the language in *Stumpf*, "the constitutional prerequisites of a valid plea *may* be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Stumpf* requires an affirmative showing in the record that counsel explained the elements of the offense to defendant in order to have a valid guilty plea. (Emphasis added.) *Stumpf*, 545 U.S. at 183. The Supreme Court previously stated that "it *may* be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Emphasis added.) *Henderson v. Morgan*, 426 U.S. 637, 647 (1976). This leads to the conclusion that the constitutional prerequisites may be satisfied in various ways. Based on the foregoing, the court's failure to ensure that the record reflected that counsel explained the elements of the offense to defendant, was not a clear or obvious error. Thus, there was no plain error and defendant's arguments remain procedurally defaulted.

¶ 16                                                III. CONCLUSION

¶ 17 The judgment of the circuit court of La Salle County is affirmed.

¶ 18 Affirmed.

¶ 19 PRESIDING JUSTICE McDADE, specially concurring:

¶ 20 I concur with the majority's decision to affirm the circuit court's denial of Dunkleberger's motion to withdraw guilty plea. I write separately, however, because I do not join in the majority's analysis in paragraph 15. I fail to see how a citation to a case that was decided 30 years before

6

*Stumpf* somehow provides support for the vague conclusion that "the constitutional prerequisites may be satisfied in various ways" (*supra* ¶ 15), especially when the majority makes no attempt to specify what those "ways" may be or how they apply in this case.

¶ 21    I emphasize that at the hearing on Dunkleberger's motion to withdraw guilty plea, whether he was informed by defense counsel of the elements of the charged offenses was not at issue. Rather, the sole issue addressed at the hearing was whether Dunkleberger pled guilty only after receiving a promise from counsel that he would receive probation instead of prison time. Accordingly, when counsel testified, he was not asked whether he informed Dunkleberger of the elements of the charged offenses. Thus, even if Dunkleberger is correct that the law requires the record to reflect that defense counsel so informed him, his failure to raise the issue in the circuit court has deprived this court of being able to determine whether counsel in fact did so. The record in this case does not show, either way, whether counsel informed Dunkleberger of the elements of the charged offenses. In the absence of that information, it is impossible to find that error in fact occurred. See *People v. Bannister*, 232 Ill. 2d 52, 71 (2008) (holding that when it has not been shown that error in fact occurred, a defendant is not entitled to relief under the plain-error doctrine).